## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

SCOTT HIMMEL,                                    Case No. 1:21-CV-02008
Individually and as Representative of a
Class of Similarly Situated Persons,

       v.

NATIONAL CREDIT SYSTEMS, INC.,

       Defendant.

### ANSWER OF DEFENDANT NATIONAL CREDIT SYSTEMS, INC.

Defendant National Credit Systems, Inc., ("NCS"), by and through its undersigned counsel, hereby files its Answer with Affirmative Defenses to the Complaint filed by Plaintiff, Scott Himmel, individually and as a representative of a class of similarly situated persons (hereinafter, the "Plaintiff"), as follows:

### NCS'S RESPONSES TO PLAINTIFF'S ALLEGATIONS OF FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

1. Plaintiff bring (sic) this class action to secure redress from unlawful credit and collection practices engaged in by defendant National Credit Systems, Inc. ("NCS"). Plaintiff alleges violation (sic) of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**ANSWER: Denied. NCS denies that it violated the law or that it is liable to the Plaintiff under any theory for any amount. The remaining allegations in this paragraph constitute conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court.**

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER: There are no allegations in this paragraph against NCS, and as such, no response is required. Answering further, NCS states that the FDCPA – and the text contained therein, case law interpreting the same, and its application, constitutes conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court. To the extent this Honorable Court requires a response, given the vague, conclusory, and incomplete statement set forth in this paragraph, NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

3.   ln enacting the FDCPA, Congress found that: " [t]here is abundant evidence of the use of abusive, deceptive , and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability,  tothe loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

**ANSWER: There are no allegations in this paragraph against NCS, and as such, no response is required. Answering further, NCS states that the FDCPA – and the text contained therein, case law interpreting the same, and its application, constitutes conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court. To the extent this Honorable Court requires a response, given the vague, conclusory, and incomplete statement set forth in this paragraph, NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

4.   Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." Ramirez v.Apex Financial Management LLC 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

**ANSWER: There are no allegations in this paragraph against NCS, and as such, no response is required. Answering further, NCS states that the FDCPA – and the text contained therein, case law interpreting the same, and its application, constitutes conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court. To the extent this Honorable Court requires a response, given the vague, conclusory, and incomplete statement set forth in this paragraph, NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

5.   The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. Crabill v. Trans Union, LLC,259 F.3d 662, 666 (7th Cir. 2001).

**ANSWER: There are no allegations in this paragraph against NCS, and as such, no response is required. Answering further, NCS states that the FDCPA – and the text contained therein, case law interpreting the same, and its application, constitutes conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court. To the extent this Honorable Court requires a response, given the vague, conclusory, and incomplete statement set forth in this paragraph, NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

*6.* Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

**ANSWER: NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

<u>NCS'S RESPONSE TO PLAINTIFF'S ALLEGATIONS</u>
<u>RE: VENUE AND JURISDICTION</u>

7. Plaintiff Scott Himmel is an individual who rented an apartment located in Chicago, Illinois.

**ANSWER: Upon information and belief, NCS admits the allegations as set forth in this paragraph.**

8. Defendant NCS is a corporation chartered under the law of Georgia with its principal place of business at 3750 Naturally Fresh Blvd., Atlanta , GA 30349. NCS also does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

**ANSWER: Admitted in part, denied in part. NCS admits that it is a Georgia corporation, with one of its addresses being 3750 Naturally Fresh Blvd., Atlanta, GA. NCS also admits that one of its registered agents is the CT Corporation. Lastly, NCS admits that – from time to time – it transacts business within the state of Illinois. There are no allegations in this paragraph against NCS, and as such, no response is required. NCS denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

9. NCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts owed to others.

**ANSWER: Admitted in part, denied in part. NCS admits that, from time to time, it has used the mail and telephone in collecting amounts owed to others. NCS denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

10. NCS holds a collection agency license from the state of Illinois.

**ANSWER: Admitted.**

11. NCS has a web site (https://www.nationalcreditsystems.com/) on which it states that its business is "serving the collection needs of the Multi-Family and Student Housing industries nationwide" and is "Your best collection solution."

**ANSWER: Admitted in part, denied in part. NCS admits that it has a website which contains various pieces of information. NCS denies that anything on its website constitutes as an admission that it is, or is not, a "debt collector" as defined under the FDCPA. Similarly, NCS denies that acting as a "debt collector" in one instance automatically requires them to act as a "debt collector" in each and every subsequent instance/account/transaction thereafter, infinitely. As such, given the vague and conclusory nature of the allegations in this paragraph, NCS denies all remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

12. The same web site (https://www.nationalcreditsystems.com/Company.aspx) further states: "Who is National Credit Systems (NCS) We are a specialized collection firm helping apartment owners and managers recover money that is rightfully owed to them by former residents who have not fulfilled their lease obligations. [if] The company was designed as, and continues to beoperated as, an agency specifically focused on collecting debt for the apartment industry. Founded in 1991, National Credit Systems has grown to provide collection services to more

apartment owners and managers than any other company in the country. We are licensed to collect debts throughout the U.S. and provide a full range of collection services to the multifamily industry ..........................."

**ANSWER: Admitted in part, denied in part. NCS admits that it has a website which contains various pieces of information. NCS denies that anything on its website constitutes as an admission that it is, or is not, a "debt collector" as defined under the FDCPA. Similarly, NCS denies that acting as a "debt collector" in one instance automatically requires them to act as a "debt collector" in each and every subsequent instance/account/transaction thereafter, infinitely. As such, given the vague and conclusory nature of the allegations in this paragraph, NCS denies all remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

13.  According to its web site, among the services NCS offers is "Account purchase options." (https://www.nationalcreditsystems.com/Company.aspx)

**ANSWER: Admitted in part, denied in part. NCS admits that it has a website which contains various pieces of information. NCS denies that anything on its website constitutes as an admission that it is, or is not, a "debt collector" as defined under the FDCPA. Similarly, NCS denies that acting as a "debt collector" in one instance automatically requires them to act as a "debt collector" in each and every subsequent instance/account/transaction thereafter, infinitely. As such, given the vague and conclusory nature of the allegations in this paragraph, NCS denies all remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any**

**theory for any amount.**

14. NCS is a debt collector as defined in the FDCPA.

**ANSWER: The allegations in this paragraph constitute conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court.**

### NCS'S RESPONSES TO PLAINTIFF'S PURPORTED FACTS

15. Defendant NCS has been attempting to collect from Plaintiff an alleged debt based on whenPlaintiff rented an apartment in the City of Chicago. Plaintiff has disputed that the alleged claim.A copy of Plaintiff's written rental agreement is attached as Exhibit A.

**ANSWER: Admitted in part, denied in part. NCS admits that an account of the Plaintiff's was placed with it, and the account was for an apartment in the greater Chicago area. NCS _denies_ that Exhibit A is the complete agreement for the Plaintiff. NCS denies all remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

16. The " owner" of the premises listed on the rental agreement is an entity named "North State Street Air Rights (Chicago) Owner, LLC.

**ANSWER: NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

17. The property manager of the premises is Golub Realty Services, Inc.

**ANSWER: NCS denies the allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

18.   On or about December 10, 2020, Defendant sent Plaintiff a two (2) page letter demanding a balance owed in the amount of $503.66. A copy of the letter is attached as Exhibit B.  Such balance has now appeared on Plaintiff's credit report.

**ANSWER: Denied. NCS denies that Plaintiff's Exhibit B was its first communication with the Plaintiff. Moreover, Exhibit B was sent to Plaintiff in direct response to his request for validation. NCS denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

19.   Exhibit B was the first letter Plaintiff received from Defendant regarding the debt described therein.

**ANSWER: Denied. NCS denies that Plaintiff's Exhibit B was its first communication with the Plaintiff. Moreover, Exhibit B was sent to Plaintiff in direct response to his request for validation. NCS denies the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

20.   Exhibit B represents a form or template letter used by Defendant in its business practice.

**ANSWER: NCS the remaining allegations in this paragraph for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

21.   On information and belief, Exhibit B represents a form intended for use as the first letter Defendant sends to a consumer regarding the debt described therein.

**ANSWER: Denied.**

22.   Exhibit B names the "current creditor" as being "Marquee at Block Thirty Seven Apts."

**ANSWER: Admitted.**

23.   "Marquee at Block Thirty Seven Apts" is not a current  or past " creditor."  Instead, this nameis the address or perhaps the informal name of the property. See Exhibit A.

**ANSWER: Denied.**

24.   The naming of " Marquee at Block Thirty Seven Apts" as the "current creditor" is ambiguous and "discloses" nothing because:

a.            There are two (2) entities that were parties to Plaintiff 's rental agreement , North State Street Air Rights (Chicago) Owner, LLC and Golub Realty Services, Inc. This is quite common in Illinois, where there is often both an owner of the premises and a managing agent. Neither of these entities necessarily continues to own the alleged debt. For example, NCS could have purchased  the debt  pursuant  to its "account  purchase  options."

b.            "Marquee at Block Thirty Seven Apts" does not appear on the Illinois Secretary of State lookup website for corporations and limited liability companies chartered or authorized to do business in Illinois.

**ANSWER: NCS denies the allegations in this paragraph.  NCS denies the vague, conclusory, and speculative allegations set forth in the sub-paragraphs for lack of knowledge or information to form a belief as to the allegations in this paragraph, except to deny that it violated the law or is liable to the Plaintiff under any theory for any amount.**

### NCS'S OPPOSITION TO COUNT I

25.   Plaintiff re-alleges and adopts Paragraphs 1- 24 as Paragraphs 1-24 of this Count I.

**ANSWER: NCS incorporates the proceeding paragraphs by reference as if fully set forth herein.**

26.   Section  1692g provides:

§ 1692g. Validation of debts

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(i)    the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ;

(4) a statement that if the consun1er notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

§ l692k. Civil liability (a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-

( I) any actual damage sustained by such per- son as a result of such failure;

(2)(A) in the case of any action by an individua l, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A). and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per cent of the net worth of the debt collector; and

(3) in the case of any successful action to en-force the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

**ANSWER: There are no allegations in this paragraph against NCS, and as such, no response is required. Answering further, NCS states that the FDCPA – and the text contained therein, case law interpreting the same, and its application, constitutes conclusions of law, for which no response is required. As such, all averments are denied, and NCS refers all questions of law to this Honorable Court. To the extent this Honorable Court requires a response, given the vague, conclusory, and incomplete statement set forth in this paragraph, NCS denies the allegations in this paragraph for lack of knowledge or**

**information to form a belief as to the allegations in this paragraph, except to deny that it**

**violated the law or is liable to the Plaintiff under any theory for any amount.**

27.   Defendant failed to disclose the "name of the creditor" on Exhibit B.

**ANSWER: Denied.**

28.   Defendant failed to disclose on Exhibit B "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

**ANSWER: NCS denies that Exhibit B was its initial communication. Answering further, NCS states that Exhibit B, and the contents therein, have not been determined to be a communication as defined by the FDCPA, and Plaintiff's conclusory statement regarding the same is a conclusion of law, for which no response is required. As such, all averments are denied, and NCS refers these questions of law to this Honorable Court. As such, NCS denies all allegations in this paragraph.**

29.   Defendant failed to disclose on Exhibit B "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."

**ANSWER: NCS states that Exhibit B, and the contents therein, have not been determined to be a communication as defined by the FDCPA, and Plaintiff's conclusory statement regarding the same is a conclusion of law, for which no response is required. As such, all averments are denied, and NCS refers these questions of law to this Honorable Court. As such, NCS denies the allegations in this paragraph.**

30.   As business practice, Defendant uses the same form collection notice omitting the items in Paragraphs 27, 28, and/or 29.

**ANSWER: Denied.**

## <u>CLASS ALLEGATIONS</u>

31.   The proposed class consists of (a) all individuals (b) to whom Defendant sent an initial collection letter (c) that failed to comply with Section 1692g (d) concerning premises located in lllinois (e) which letter was sent at any time during a period beginning two (2) years prior to thefiling of this action.

**ANSWER: Admitted in part, denied in part. Defendant admits that the Plaintiff purports to bring an action on behalf of themselves and a class of other similarly situated persons. Defendant denies that Plaintiffs' proposed class could or should be certified under FRCP 23. Moreover, Defendant denies that a class action is appropriate or preferable in this case. NCS denies that Exhibit B, as referenced above, was its initial communication. Moreover, NCS denies that the underlying creditor was not appropriately disclosed, further stating that NCS does not own this account. Defendant denies all remaining allegations in this paragraph. As such, NCS denies the allegations in this paragraph.**

32.   A class action is proper in this instance because:

A.       On information and belief, based on the use of a form letter and Defendant's claimed size as stated on its web site, each class is so numerous that joinder of all members is not practicable.

B.       There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominantcommon question is whether defendant's letters violate the FDCPA. Plaintiff's claim is typical ofthe claims of the class members. All are based on the same factual and legal theories.

C.       Plaintiff as the representative party, seeks adjudication in his favor and will fairly and adequately protect the interests of the Class. Plaintiff fully understands his rights and other classmembers ' rights under the FDCPA. Plaintiff has no interests that are antagonistic to the Class that he seeks to represent. Plaintiff has retained competent and experienced counsel who have litigated cases arising under the FDCPA.

D.      A class action is superior for the fair and efficient adjudication of this matter, in that: Individual actions are not economically feasible. Members of the class are likely to be unawareof their rights; Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**ANSWER: Admitted in part, denied in part. Defendant admits that the Plaintiff purports to bring an action on behalf of themselves and a class of other similarly situated persons. Defendant denies that Plaintiffs' proposed class could or should be certified under FRCP 23. Moreover, Defendant denies that a class action is appropriate or preferable in this case. NCS denies that Exhibit B, as referenced above, was its initial communication. Answering further, Exhibit B was in direct response to NCS's _initial communication_, which was mailed to the Plaintiff – and thereafter, he called NCS in response requesting debt validation to be emailed to him, and NCS responded providing the requested verification as (partially) reflected in Plaintiff's Exhibit B to the Complaint. _See_ ECF 1, Pg. ID #20-21. Moreover, NCS denies that the underlying creditor was not appropriately disclosed, further stating that NCS does not own this account. Plaintiff's underlying creditor complied with Illinois law at all times, and Plaintiff communicated with the underlying creditor as "Marquee Block 37" during his entire tenancy. Defendant denies all remaining allegations in this paragraph and its various subparts. As such, NCS denies the allegations in this paragraph.**

**WHEREFORE** , the Plaintiff, Scott Himmel, individually and as the representative of a class of similarly situated persons, prays for judgment in his favor and on behalf of the class and against the Defendant, National Credit Systems, Inc., as follows:

A)      That this Honorable Court rule that Defendant violated the FDCPA with respect to Plaintiff;

B)      That this Honorable Court rule that this case may be properly maintained as a class actionagainst Defendant.

C)      That this Honorable Court award $1,000.00 (and actual damages where applicable) pursuant to the FDCPA to Plaintiff and all class members ;

D)      That this Honorable Court award Plaintiff an incentive award for serving as class representatives ;

E)      That this Honorable Court award Plaintiff and the class members' reasonable attorneys' fees and costs;

F)      That this Honorable Court award Plaintiff and the class members such other relief deemed fair and just.

## ANSWER TO PRAYER FOR RELIEF

Admitted in part and denied in part. NCS admits that Plaintiff prays for relief, including actual damages, statutory damages, costs and fees, treble damages, and declaratory relief, but Defendant denies that relief is available to the Plaintiff and moreover, denies that Plaintiff is entitled to any such relief in the absence of a viable claim.

Moreover, pursuant to 15 U.S.C. 1692(k), when a claim brought by a Plaintiff is found to be patently frivolous, a defendant may be awarded their costs and attorneys' fees. These awards are infrequently sought and even more infrequently awarded. This Defendant wishes to put this Honorable Court and the Plaintiff on notice that, unfortunately, this case appears to be appropriate for such a motion.

## JURY DEMAND

Defendant hereby also demands trial by jury.

## AFFIRMATIVE DEFENSES

1.      Plaintiff has failed to plead a claim upon which relief may be granted.

2.      If NCS violated the law, which it denies, Plaintiff has incurred no actual damages or any ascertainable loss as a result of the purported violation by NCS.

3.      NCS is not liable to Plaintiff because any alleged violation, if true, was either

unintentional or the result of a *bona fide* error despite the maintenance of procedures reasonably

adapted to avoid any such violation or error. *See* 15 U.S.C. § 1692k.

4.      A plaintiff in an FDCPA action has the burden of proving that the underlying debt is

consumer in nature. Plaintiff has not pleaded any facts demonstrating that the alleged account at

issue was a consumer debt beyond mere conclusory statements.

5.      Any violation of the law or damage suffered by Plaintiff, which NCS denies, was due to

the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability

or damages as to NCS.

6.      Plaintiff's claims are barred, in whole or part, to the extent Plaintiff's damages, if any,

were caused by Plaintiff's own acts and/or omissions.

7.      Plaintiff's claims for damages may be barred, in whole or in part, by Plaintiff's failure to

mitigate.

8.      Plaintiff has not suffered any damage(s) caused by or attributable to Defendant's actions.

9.      Discovery has not yet commenced and NCS hereby provides notice that it may assert and

rely on any additional defenses that may become available as this matter progresses and NCS

reserves the right to assert such additional defenses.

    **WHEREFORE**, Defendant National Credit Systems, Inc. respectfully requests that this

Honorable Court enter judgment in its favor, dismissing Plaintiff's Complaint and granting any

and all other relief as the Court deems just and equitable.

Dated: April 21, 2021                                        Respectfully Submitted,


                                                             /s/ Katrina M. DeMarte
                                                             Katrina M. DeMarte (MI Bar No.

P81476; CO Bar No. 43135)
**DEMARTE LAW, PLLC**
39555 Orchard Hill Place; PMB 6338
Novi, MI 48375
Tel. 313-509-7047
katrina@demartelaw.com

<u>**PROOF OF SERVICE**</u>

The undersigned declares under penalty of perjury that on April 21, 2021, she served the foregoing upon the following parties via ECF on all parties that have entered their appearance in this matter.

<u>/s/ Katrina M. DeMarte</u>
Katrina M DeMarte