IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT HIMMEL, Individually and as Representative of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 21-cv-2008 Judge Kocoras |
| NATIONAL CREDIT SYSTEMS, INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT**

Plaintiff, Scott Himmel, respectfully requests that the Court, pursuant to 28 U.S.C. §1447(c), remand this action to the Circuit Court of Cook County, Illinois and to award attorneys' fees and costs incurred as a result of the removal.

The grounds for this motion are as follows:

1. The Complaint in this matter alleges a claim against Defendant National Credit Systems, Inc. ("NCS") under the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. Plaintiff alleges that NCS sent Plaintiff a letter which did not correctly identify the current creditor.

3. NCS removed the action, claiming federal question jurisdiction.

4. The party invoking the jurisdiction of the District Court has the burden of establishing that all aspects of federal jurisdiction, including the satisfaction of Article III requirements, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017).

5. In the case of removal, the removing party bears that burden. *Collier v. SP Plus*

*Corp.,* 889 F.3d 894 (7th Cir. 2018); *Dixon v. Washington & Jane Smith Cmty.*, 17cv8033, 2018 U.S. Dist. LEXIS 90344, *9-10, 2018 WL 2445292 (May 31, 2018).

6. Beginning in 2019, the Seventh Circuit has issued a number of decisions restricting Article III standing for FDCPA claims. *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020); *Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020); *Smith v. GC Servs. Ltd. P'ship,* 986 F.3d 708, 711 (7th Cir. 2021); *Pennell v. Global Tr. Mgmt., LLC*, 990 F.3d 1041 (7th Cir. 2021); and most recently, *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339 (7th Cir. May 14, 2021).

7. *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339 (7th Cir. May 14, 2021), also involved a claim that the current creditor was not correctly identified on a collection letter. The Court of Appeals held that such a claim did not satisfy Article III unless it was also alleged that the Plaintiff had suffered actual loss as a result, such as by paying the wrong person.

8. *Markakos* involved an additional claim – that the debt had been overstated by over 300%. The Court held that this was not sufficient to satisfy Article III, either.

9. A concurring opinion in *Markakos* states that "The result of our flurry of recent decisions is that, at least in this circuit, a debt collector may send a letter demanding payment on an overstated debt, and the recipient lacks standing to enforce the FDCPA unless the debt collector's deceit is successful in one way or another." *Markakos v. Medicredit, Inc.,* No. 20-2351, 2021 U.S. App. LEXIS 14339, at *13-14 (7th Cir. May 14, 2021) (Ripple, J., concurring).

10. Plaintiff does not allege that the debt collector's alleged deceit was successful.

11. Defendant's removal petition does not do so, either. It does not, for example,

allege that Plaintiff paid money in response to its letter.

12.     NCS' removal petition does not address Article III, much less explain how it might be satisfied.

13.     Any doubts as to federal jurisdiction are to be resolved in favor of remand to the state court, so that the time of the Court and parties is not consumed by litigation that cannot result in a valid judgment. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

14.     Plaintiff also requests attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) which states "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005), the Supreme Court held "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

WHEREFORE the reasons stated above, Plaintiff request this Court to remand this matter back to Circuit Court of Cook County, Illinois and to award Plaintiff reasonable attorneys' fees and cost incurred as a result of the removal.

Respectfully submitted,

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
Carly Cengher
**EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824

(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

Aaron Krolik
**AARON KROLIK LAW OFFICE, LLC**
77 West Wacker Drive, Suite 4500
Chicago, IL 60601
(312) 925-4090

**CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on May 24, 2021, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system which shall cause delivery and notification of such filing upon the attorneys of record.

                                                          */s/ Daniel A. Edelman*
                                                          Daniel A. Edelman